**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

GREGORY DAMASCENO SANTOS,

Petitioner,

v. 9:26-cv-02312 (AMN)

DAVID VENTURELLA, *in his official capacity as Acting Director of the Immigration and Customs Enforcment*; MARKWAYNE MULLEN, *in his official capacity as Secretary of the Department of Homeland Security*; TODD BLANCHE, *in his official capacity as Attorney General of the United States; and PHILIP RHONEY, in his capacity as Acting Field Officer, Buffalo Field Office, Immigration and Customs Enforcement*,

Respondents.

---

**APPEARANCES** **OF COUNSEL:**

**LAW OFFICE OF KATHY MANLEY** **KATHY MANLEY, ESQ.**
26 Dinmore Road
Selkirk, New York 12158
*Counsel for Petitioner*

**UNITED STATES ATTORNEY FOR THE NORTHERN DISTRICT OF NEW YORK** **ALEXIS M. OSBORNE, ESQ.**
Assistant United States Attorney
445 Broadway – Room 217
Albany, New York 12207
*Counsel for Respondents*

**Hon. Anne M. Nardacci, United States District Judge:**

**ORDER**

Petitioner Gregory Damasceno Santos ("Petitioner") is a noncitizen who has resided in the United States for more than eight years. Dkt. No. 7 at 1 (citing Dkt. No. 7-1 at 1). On or about February 15, 2018, Petitioner entered the United States at the Gateway International Bridge in

Brownsville, Texas. *Id*. (citing Dkt. No. 7-1 at 1-2). "Petitioner presented himself for inspection at a port of entry but lacked sufficient documents authorizing admission to the United States." *Id.* (citing Dkt. No. 7-1 at 2). Petitioner was determined to be an applicant for admission into the United States, processed, and issued a Notice to Appear. *Id*. (citing Dkt. Nos. 7-1 at 2, 7-2). "Shortly thereafter, Petitioner was released due to lack of available bed space pending his removal proceeding." *Id*. (citing Dkt. Nos. 7-1, 7-7). Petitioner's removal proceeding remained pending after he was released. *Id*. On June 22, 2023, Petitioner's removal proceeding was terminated without prejudice. *Id*. at 1-2 (citing Dkt. No. 7-3 at 2).

On October 10, 2026, United States Department of Homeland Security ("DHS") Enforcement and Removal Operations ("ERO") in Malta, New York, received notification that Petitioner was arrested by the New York State Police, charged with driving while intoxicated, and subsequently released from police custody. Dkt. No. 7 at 2 (citing Dkt. No. 7-4 at 2). ERO officers determined that Petitioner "had no lawful entry or adjustment of status authorizing him to enter or remain in the United States." *Id*. (citing Dkt. No. 7-4 at 2-3).

On November 10, 2026, ERO officers located Petitioner in Cohoes, New York "after conducting a targeted enforcement operation in which Petitioner was the target." *Id*. (citing Dkt. No. 7-4 at 2). "During the operation, ERO officers conducted surveillance at a residence in Watervliet, New York, where record checks indicated Petitioner was likely residing." *Id*. (citing Dkt. No. 7-4 at 2). "ERO officers observed a male matching Petitioner's description exit the residence, enter a vehicle registered to Petitioner, and depart the area." *Id*. (citing Dkt. No. 7-4 at 2). ERO officers then conducted a traffic stop and arrested Petitioner. *Id*. (citing Dkt. No. 7-4 at 2-3). After moving to a secondary location, ERO officers served Petitioner with a Form I-200 administrative arrest warrant. *Id*. ERO officers then transported Petitioner to the Malta ERO

facility for further processing, where he was served with a second Form I-200 administrative arrest warrant. *Id*. (citing Dkt. No. 7-5 at 2). DHS also initiated a new removal proceeding against Petitioner, serving him with a Form I-862 notice to appear while he was at the Malta ERO facility. *Id*. (citing Dkt. No. 7-6).

After considering submissions from the parties, Dkt. Nos. 1, 7, 8, 10, 11, the Court grants the Petition for Emergency Writ of Habeas Corpus, Dkt. No. 1 ("Petition"), and orders the immediate release of Petitioner. The Court will issue a written decision setting forth the reasons for this Order in more detail in due course.

Accordingly, the Court hereby

**ORDERS** that the Petition for a writ of habeas corpus, Dkt. No. 1, is **GRANTED**; and the Court further

**ORDERS** that Respondents shall **immediately release Petitioner from custody**; and the Court further

**ORDERS** that Respondents shall certify compliance with this Order by filing a status report by 6:00 p.m. on November 25, 2026.

**IT IS SO ORDERED.**

Dated: November 24, 2026
Albany, New York

Anne M. Nardacci
Anne M. Nardacci
U.S. District Judge